Submitted on brief November 1, affirmed November 14, 1916.

## NORRIS SAFE & LOCK CO. *v*. WEAVER.*

### (160 Pac. 807.)

**Banks and Banking — Stockholders — Liability for Debts — Constitutional Provision.**

1. The amendment to Article XI, Section 3, of the Constitution (Laws 1913, p. 8), adding thereto the provision that the stockholders of corporations and joint-stock companies conducting the business of banking shall be individually liable for the benefit of depositors to the amount of their stock at par, in addition to the par value of such shares, cannot be extended to include creditors of a bank for merchandise sold to it.

**Constitutional Law—Obligation of Contracts.**

2. An amendment to Article XI, Section 3, of the Constitution, adding to it the provisions that the stockholders of corporations and joint-stock companies conducting the business of banking shall be individually liable for the benefit of depositors to the amount of their stock at par in addition to the par value of such shares, cannot impair the obligations of a subscription contract made before its adoption and while Section 3 limited the liability of stockholders to the amount of their stock subscribed and unpaid.

**Banks and Banking—Actions Against Stockholders—Pleading.**

3. In an action to enforce, against alleged stockholders of a bank, payment of balance due on a judgment recovered by plaintiff against the bank, the complaint which did not show how many shares each defendant subscribed, and how much remained unpaid upon his subscription, so that the court might know the extent of the award to be made against him, did not state a cause of action.

### From Malheur: Dalton Biggs, Judge.

*The question of impairment of obligation of contract by change of remedy of creditor against stockholder is discussed in a note in 1 L. R. A. (N. S.) 1171.          Reporter.

In Banc.   Statement by Mr. Justice Burnett.

This is an action by the Norris Safe & Lock Company, a corporation, against J. R. Weaver and others, to enforce against alleged stockholders the payment of a balance due upon a judgment recovered by the plaintiff against their corporation. After stating the sale of a safe to the concern, the rendition of judgment for its price, the return of an execution but partially satisfied, the want of any other property of the debtor, and demand upon the defendants that they liquidate the remainder of the adjudicated claim, the complaint contains this averment, it being the only one charging the defendant:

"That on the said twenty-third day of November, 1911, and at and during the time when the said debts and liabilities of the Citizens' State Bank of Ontario were contracted, accrued and incurred by the said corporation, and the safe sold to said corporation and accepted by the same, the defendants and each of the defendants was a stockholder in the said corporation to the amount of —— shares of the capital stock of the said corporation, the Citizens' State Bank of Ontario."

The answer tendered the general issue as the sole defense. At the close of the case, the trial court directed a verdict for the defendants, and from the consequent judgment the plaintiff appeals.

Submitted on brief under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellant there was a brief over the name of *Mr. George W. Hayes.*

For respondent there was a brief over the name of *Mr. C. McGonagill.*

Mr. Justice Burnett delivered the opinion of the court.

1, 2. When the obligation was incurred, if at all, it was only to the extent of implied balances on their several subscriptions to its capital stock that stockholders could be made liable for the debts of their corporation. This is the principle enunciated in Article XI, Section 3, of the original state Constitution, reading as follows:

"The stockholders of all corporations and joint-stock companies shall be liable for the indebtedness of said corporation to the amount of their stock subscribed and unpaid, and no more."

A different rule would make their association nothing more than a mere partnership, wherein each member is responsible for all just claims against it.

By the plebiscite of November 5, 1912 (see Laws 1913, p. 8), this part of the organic act was amended by adding to it this language:

"Excepting that the stockholders of corporations or joint-stock companies conducting the business of banking shall be individually liable equally and ratably and not one for another, for the benefit of the depositors of said bank, to the amount of their stock, at the par value thereof, in addition to the par value of such shares."

Whatever may be the meaning of this provision it certainly cannot be extended to include those who are not depositors, but only creditors of the institution for merchandise sold to it. Neither can it be made to impair the obligation of a subscription contract made before its adoption so as to double the original liability. So far as the increased responsibility is concerned, the utmost effect it can have is to operate in favor of the depositors in a bank incorporated since the Constitution was so amended. Even then the only change is in

the amount and not in the basic principle of the claim against the stockholders.

3. In an action of this sort, therefore, it is necessary to show, among other things, not only for how many shares each defendant subscribed, but also how much remains unpaid upon his subscription, whether measured by the original or the amended constitutional rule, so that the court may be made aware of the extent of the award to be made against him. The complaint is utterly wanting in these particulars, and hence does not state a cause of action. For aught that appears, each defendant, if a stockholder, may have paid to the corporation the full par value of his subscription and an equal amount besides. Moreover, the testimony reported as part of the bill of exceptions reveals no more than that two of the defendants signed some kind of paper, which is not in evidence and the absence of which is not legally explained. No showing whatever is made of the organization of a corporation or the issuance of stock to anyone, so as to give rise to the accountability of a delinquent stockholder.

The judgment of the Circuit Court must therefore be affirmed.                                           AFFIRMED.